UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E.F., by his next friend and parent, GINA FIGARATTO,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>AMERICA WEST AIRLINES, INC.,<br><br>　　　　　　Defendant | C.A. No. 05-11391GAO |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT 28 U.S.C. § 1441 (A)

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS:

The Defendant, America West Airlines, Inc. (hereinafter "AWA" or the "Defendant"), pursuant to Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Plymouth County and states the following in support of this Notice of Removal:

1. The Plaintiff, E.F., by his next friend and parent Gina Figaratto, (hereinafter "E.F." or the "Plaintiff"), filed a civil action against AWA on or about June 8, 2005, in the Superior Court of the Commonwealth of Massachusetts in and for Plymouth County, Civil Action No. CV2005-0665, E.F., by his next friend and parent, Gina Figaratto v. America West Airlines, Inc..

2. On or about June 13, 2005, the Plaintiff served AWA with a copy of the Complaint via service on its Corporate Agent. See Service of Process Transmittal from CT Corporation.

40529.1

3.  This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon AWA by the Plaintiffs to date.

4.  This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1332 of Title 28 of the United States Code.

5.  This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Plaintiff is a resident of Carver, Massachusetts. AWA is a Delaware corporation and its principal place of business is located in Tempe, Arizona. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 based upon the plaintiff's claims that he is entitled to monetary damages relating to his alleged emotional distress injuries in the amount of $2,000,000.00. Thus, in the event plaintiff prevails on his claim against AWA and AWA is adjudged liable for damages incurred by the plaintiff, plaintiff claims he is entitled to recover more than the $75,000 jurisdictional amount.

6.  This Notice of Removal is being filed within thirty (30) <u>days of service</u> and <u>receipt</u> of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

7.  A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Plymouth County, as required by Section 1446(d) of Title 28 of the United States Code.

8.  Pursuant to Local Rule 81.1(a) shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

WHEREFORE, America West Airlines, Inc. prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Plymouth County be removed to the United States District Court for the District of Massachusetts.

40529.1

Respectfully submitted,
AMERICA WEST AIRLINES, INC.,

By Its Attorneys,

_____
Maynard M. Kirpalani, BBO#273940
Carey Bertrand, BBO#650496
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: July 7, 2005

## CERTIFICATE OF SERVICE

I, Maynard M. Kirpalani, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 7th day of July 2005 to:

Matthew J. Donnelly
Donnelly & Valente
231 CJC Hwy, Suite 202
Cohasset, MA 02025

_____
Maynard M. Kirpalani

40529.1

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EF, by his next friend and parent, Gina Figaratto | America West Airlines, Inc. |
| (b) County of Residence of First Listed Plaintiff   Plymouth, MA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Maricopa, Arizona<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Matthew J. Donnelly, Donnelly & Valente, 231 CJC Hwy, Suite 202 Cohasset, MA 02025, (781) 383-1011 | Attorneys (If Known)<br>Maynard M. Kirpalani, Carey L. Bertrand, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal St., Boston, MA |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a) and 28 USC 1441(a)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
07/07/2005

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __E.F. v. America West Airlines, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Maynard M. Kirpalani and Carey Bertrand, Wilson, Elser, Moskowitz, Edelman & Dicker__
ADDRESS __155 Federal Street, Boston, MA 02110__
TELEPHONE NO. __(617) 422-5300__

(CategoryForm.wpd - 5/2/05)

**SEALED DOCUMENT**

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 DOCKET NO.

E. F. his next friend and parent GINA M.
FIGARATTO,

            Plaintiff,

v.

AMERICA WEST AIRLINES Inc.,

            Defendant,

# COMPLAINT

## PARITIES

1. The Plaintiff, E. F. is an individual natural person of the tender years (six (6) years old ) and resides of Plymouth County, Massachusetts.

2. GINA M. FIGARATTO, (hereinafter "Ms. Figaratto") is an individual natural person, and is the parent and legal guardian of E.F.

3. The Defendant America West Airlines Inc. (hereinafter "AWA") is a corporation duly organized under the laws of Delaware and maintains a principle place of business in Tempe Arizona.

## FACTS

4. At all times relevant hereto, AWA was acting through its authorized agents, servants, representatives and/or employees.

5. In January 2004, Ms. Figaratto was desirous of sending her two minor children (Destiny d/o/b 4/17/98 and E.F. d/o/b 2/9/99) to Phoenix Arizona to visit their father, Scott Startozzi (Hereinafter, "Startozzi")

6. In January 2004, AWA offered a chaperone service for minor children traveling unaccompanied by an adult for an additional fee.

7. On or about January 13, 2004, Ms. Figaratto contacted AWA's servant, agent and/or representative regarding AWA's chaperone program a.k.a. MVP/UM Special Services Program.

8. AWA's representative informed Ms. Figaratto that for eighty ($80.00) dollars, the children would be assigned to a flight attendant. The attendant would introduce himself/herself to the parent and children at gate, then escort the children onto the aircraft and seat them next to his/her station for supervision during the flight. At the end of the flight the attendant would escort them off the aircraft and to the custody of a prearranged custodian.

9. Based on the aforesaid representations and promises made by AWA's representative, Startozzi booked two fairs for the children aboard America West flight 9501 departing Boston's Logan International on February 12, 2004 and arriving Phoenix Arizona the same day. In addition to the regular fair, Startozzi paid the additional charge for the unaccompanied minor chaperone service.

10. On February 12, 2004, Ms. Figaratto brought the children to the terminal and processed the necessary paperwork. She then took the children to the gate to meet the flight attendant.

11. The Gate Attendant, Claudia Cook told Ms. Figaratto that such introductions were not AWA's policy. Ms. Cook refused to call the attendant to the gate or

allow Ms. Figaratto to escort the children onto the aircraft and/or otherwise refused to allow Ms. Figaratto to meet the assigned flight attendant as agreed.

12. The children were escorted onto the aircraft by AWA employees and seated in row 18. There is no flight attendant station located in that part of the aircraft.

13. During the flight, the assigned attendant was constantly absent attending other duties, paid little to no attention to the needs and/or supervision of the children and/or otherwise ignored them.

14. During the flight, E. F. needed assistance to go to the lavatory but no flight attendant was available to assists him and as a result, Eric defecated in his pants.

15. A passenger went to the forward cabin to find the flight attendant and advise them of the situation and E. F. need for immediate attention.

16. Rather than assisting E. F. personally the flight attendant allowed a male passenger, a complete stranger to E. F., to take E. F. into the lavatory alone presumably to clean him.

17. While in the bathroom, E. F. was stripped of his clothes and assaulted by the male passenger.

18. Upon arrival in Phoenix, two attendants escorted the children to Startozzi and informed Startozzi of the incident. At that time an attendant admitted that a male passenger had "volunteered" to take E. F. to the bathroom to clean him, then accused Startozzi of misrepresenting E. F. age.

19. Startozzi then examined E. F.. He found his underwear was missing, that he had not been cleaned and that fecal matter remained all over his rectum.

20. Ms. Figaratto notified the airline about the incident and the airline claimed to have conducted an internal investigation.

21. By written correspondence dated February 20, 2004, AWA admitted a passenger and stranger to E. F. was permitted to take E. F. into the lavatory alone. However, AWA now identifies the stranger, as a female passenger in direct contradiction to the statements of all knows witnesses to the incident including but not limited Destiny.

22. Immediately thereafter E. F. began suffering from severe emotional trauma, stress and anxiety all of which are attributed to the February 12, 2004 incident aboard America West flight 9501.

23. As a consequence thereof, E. F. began therapy and remains therein through the present day in an ongoing process to heal himself of his emotional and psychological injuries.

## COUNT I
(Negligence)

24. The Plaintiff restates and re-alleges the factual allegations set forth in paragraphs 1 through 23 above and incorporates the same herein by reference as if stated in full and at length.

25. AWA had a duty to use reasonable care in the supervision of E. F. and protect him from foreseeable harm and injury.

26. AWA failed to use reasonable care in the supervision of E. F. and/or otherwise was careless, reckless and negligent with respect to E. F. welfare, health and safety.

27. As a direct and proximate result of AWA's negligent, E.F. sustained damages including but not limited sever emotional distress, anxiety, stress and/or psychological injury.

## PRAYER

WHEREFORE, the Plaintiff respectfully request that this Honorable Court:

A. Find for the Plaintiff and enter Judgment against the Defendant;

B. Order the Defendant to pay the Plaintiff's damages as found by the Court;

C. Grant such other relief that is just and reasonable under the circumstances.

## JURY DEMAND

The Plaintiff respectfully demands trial by jury as to all issues of fact material to the present case.

                Plaintiff, E. F.
                Through his next friend and parent,
                By their Attorney,

                Matthew J. Donnelly
                DONNELLY & VALENTE
                231 CJC Hwy, Suit 202
                Cohasset, MA 02025
                (781) 383 1011
                BBO# 646286