UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E.F., by his next friend and parent, GINA FIGARATTO,<br><br>                Plaintiff<br><br>v.<br><br>AMERICA WEST AIRLINES, INC.,<br><br>                Defendant | C.A. No. 05-11391GAO |

### ANSWER TO PLAINTIFF'S COMPLAINT

#### PARTIES

1. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

#### FACTS

4. The Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant admits that an escort service, "MVP," was provided in January of 2004 for minors aged 5 and older traveling unaccompanied by an adult for an additional fee and denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant admits that it provides an escort service, "MVP," for minors aged 5 and older traveling unaccompanied by an adult for an additional fee. Defendant further answers that as part of the program the child is escorted onto the plane, the child is in the care of a flight attendant during the flight and a flight attendant escorts them off the plane and ensures that they are release to the proper parent or guardian. America West denies the remainder of the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

40528.1

9. America West admits that two children, named EF and Destiny Figaratto were booked on Flight 562, from Boston to Phoenix, on February 12, 2004 as part of the unaccompanied minor program, which required an additional fee and that one Scott Startozzi made said arrangements for this reservation. American West denies the remainder of the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. America West admits that two children flew on Flight 562 on February 12, 2004 as part of the unaccompanied minor program and were dropped off for the flight by Gina Figaratto and America West denies the remainder of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. America West answers that an America West employee escorted 2 children onto the plane pursuant to its policy. America West denies the remainder of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant admits that the children were escorted onto the plane by an America West employee and were assigned to Row 11. Defendant denies the remainder of the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant admits that EF defecated in his pants on Flight 562 and denies the remainder of the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendant answers that a female passenger volunteered to clean EF in the bathroom after he defecated in his pants and denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant admits that a female passenger assisted EF in the bathroom and denies the remainder of the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. America West admits that an employee released the children to the proper guardian in Phoenix and informed the guardian that EF had an accident where he defecated in his pants and that a female passenger cleaned him. America West denies the remainder of the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. America West admits that Ms. Figaratto contacted America West and that an internal investigation resulted.

21. America West answers that the correspondence of February 29, 2004, a written document, speaks for itself. America West denies the remainder of the allegations.

40528.1

22. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 23 of the Plaintiff's Complaint.

## COUNT I
### (Negligence)

24. The Defendant repeats and reasserts each of its responses to the allegations contained in Paragraphs 1 through 23 of the Plaintiff's Complaint as if fully set forth herein.

25. America West answers that it has a duty to transport its passengers pursuant to all applicable laws and regulations and denies the remainder of the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. The Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. The Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

## **AFFIMATIVE DEFENSES**

### FIRST DEFENSE

By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery.

### SECOND DEFENSE

Any damages sustained by the Plaintiff were caused by individuals for whose conduct the Defendant is not responsible.

### THIRD DEFENSE

To the extent the Plaintiff has suffered harm, his own acts or omissions caused said harm.

### FOURTH DEFENSE

If the Plaintiff suffered any losses or damages, then his losses or damages were the result of independent and intervening causes over which the Defendant had no control.

### FIFTH DEFENSE

40528.1

Any alleged wrongdoing was not performed under the control or supervision of the Defendant.

### SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part due to the Plaintiff's failure to mitigate his damages.

### SEVENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of comparative negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff.

### EIGHTH DEFENSE

Any liability on the part of the Defendant, which the Defendant denies, must be reduced by the apportionment of liability with one or more other persons liable to the Plaintiff.

### NINTH DEFENSE

At all times the Defendants acted without malice and in good faith.

### TENTH DEFENSE

Any state law claims against America West Airlines, Inc. are preempted by the Airline Deregulation Act.

### ELEVENTH DEFENSE

Any duties, responsibilities or liabilities of America West are limited by the applicable Contract of Carriage.

### TWELFTH DEFENSE

America West reserves the right to raise additional defenses up until the time of trial.

### THIRTEENTH DEFENSE

By way of affirmative defense, the plaintiffs have failed to state a cause of action in its complaint for which relief can be granted. Federal Rules of Civil Procedure 12 (b)(6).

40528.1

**WHEREFORE**, DEFENDANT RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT DISMISS ALL COUNTS AGAINST IT.

The Defendant,
AMERICA WEST AIRLINES,

By Its Attorneys,

_____
Maynard M. Kirpalani, BBO# 273940
Carey L. Bertrand, BBO# 650496
Wilson, Elser, Moskowitz, Edelman
 & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA 02110
(617) 422-5300

Dated: July 7, 2005

### CERTIFICATE OF SERVICE

I, Maynard M. Kirpalani, hereby certify that on this 7th day of July, 2005, I served a copy of the foregoing document by first class mail, postage prepaid to:

Matthew J. Donnelly, Esq.
Donnelly & Valente
231 CJC Highway, Suite 202
Cohasset, MA 02025

_____
Maynard M. Kirpalani

40528.1