**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No.:05-11391-GAO

E. F., by next of friend and parent, GINA FIGARATTO,
                Plaintiffs,

V.

AMERICAN WEST AIRLINES, INC.
                Defendant.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM AND INCORPORATED MEMORANDUM OF LAW.

Now comes the Plaintiff, E.F. by next of friend Gina Figaratto (hereinafter referred to as "plaintiff") who hereby submits this memorandum of law in opposition to Defendant's motion to appoint a guardian ad litem.

I.    INTRODUCTION

On February 12, 2004 Plaintiff was traveling, with his sister, on an American West Flight from Boston Massachusetts to Phoenix Arizona. *See Affidavit of Gina Figaratto at ¶ 2.* Plaintiff's father had purchased coverage to have the children enrolled in the American West unaccompanied minor program. *Id at ¶ 4.* During the course of the flight plaintiff was subjected to abusive treatment by one or more of his fellow passengers. Furthermore, during the course of the flight Plaintiff was neglected by the onboard stewardess that was in charge of his care. *Id at ¶ 6 &7.* This neglect led to serious emotional distress to the plaintiff. The distress has been so severe that the plaintiff has required weekly therapy, has developed a phobia to public restrooms, refuses to fly unless accompanied by a parent, developed social anxiety toward flying, and requires psychiatric medication to deal with his distress. *Id. at ¶8-13.*

In its motion for appointment a guardian for the minor plaintiff Defendant adamantly states that plaintiff was not abused on the flight. However, defendant is basing its argument on

1

non-medical hearsay. Furthermore, Defendant fails to acknowledge plaintiff's psychiatric records, which have been provided to defendant, when it states that plaintiff was not abused on the flight. Moreover, the crux of Defendant's motion is anger over Plaintiff's mother's decision to fire prior counsel, and proceed with discovery.

Defendant is correct that it engaged in settlement conversations with Attorney Donnelly; however, what Defendant has failed to report to the court is that Attorney Donnelly was fired by Plaintiff's mother because he failed to get her consent to settle this matter. *See affidavit of Gina Figaratto at ¶ 19-21*. Plaintiff's mother was not responsible for the "abrupt ending" to the settlement discussions. Because Attorney Donnelly did not possess the requisite authority to demand fifteen thousand dollars ($15,000) for settlement any concerns of the Defendant over the "abrupt ending" of the discussions cannot be attributed to Plaintiff or his mother.

Plaintiff's next of friend, his mother, has his very best interest in mind. There are no potential conflicts, and appointment of a guardian to represent his interest is unnecessary. Furthermore, Defendant is attempting to use this appointment as a means to intimidate Plaintiff into accepting a monetary settlement prior to the completion of discovery. Plaintiff's mother fully acknowledges that her only interest is protecting her son. She is aware that any monetary sums he receives will be placed in trust for him. *See affidavit of Gina Figaratto at ¶ 23*.

II.   ARGUMENT

Federal Rule 17 (c) states that "the court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person"  *See Rule 17 (c)*. When an infant plaintiff is represented by a "next of friend" such as in the present case, the Court will appoint a guardian ad litem if the next of friends interest appear to conflict with the minor

2

plaintiff's interest.  *See Rubin v. Smith 882 F.Supp. 212 (D. N.H. 1995) citing Hoffert v. General Motors Corp., 656 F.2d 161, 164 (5th Cir).* Defendant relies on the rulings in these cases to argue that a conflict exists between E.F. and his mother.  However, the conflicts presented in the cases Defendant has cited do not exist here.

In <u>Rubin</u> the Court was presented with a minor defendant whose next of friend mother were jointly suing the minor's father, (mother was also an individual plaintiff). Minor Defendant wanted to withdraw the suit, and Mother would not allow the withdrawal.  The Court appointed a guardian to determine whether or not the minor's best interest would be served by withdrawing from or continuing the litigation.  *See Rubin at 214.*  The court could not appoint minor child's father to be the next of friend because he was the named defendant.  When appointing the guardian, the court stated "since all of the parties' interests conflict, the court finds that neither parent is a suitable party to determine whether Rebecca's best interests would be served by voluntary dismissal".  *See Rubin at 217*.

E.F.'s mother's interest is distinguishable from the Plaintiff's mother in Rubin. First, E.F. mother is not a party to the lawsuit. Second, minor child has not reported to his mother, or his psychiatric clinician, any desire to withdraw from the present action.  Furthermore, E.F.'s mother has not stated she is unwilling to engage in settlement discussions. E.F.'s mother simply has stated that she did not give Attorney Donnelly authority to settle this matter for fifteen thousand dollars. She never discussed demanding the firing of the flight attendant and when she learned of the demand, she dismissed him from representing her son. *See affidavit of Gina Figaratto at ¶20.* E.F.'s mother is in constant contact with E.F's psychiatric clinician. E.F's Doctor is aware of the suit and believes that E.F. was subjected to abusive treatment and neglect.  Although E.F.'s

3

mother has a desire for her son to be rightfully compensated for the abuse, she will not subject him to any course of action deemed harmful by his treating physicians.

A next of friend bears the burden of proving her suitability according to three general criteria that are independent of the law of the forum state. "The criteria are (1) an adequate explanation of why minor or incompetent may not bring the suit himself or herself; (2) a true dedication to the best interests of the minor or incompetent represented by the next friend; and (3) some significant relationship wit the minor or incompetent. *See Moore's Federal Practice-Civil, 4-17 §17.25 [2].*

Defendant has only challenged E.F.'s mother's ability to act in the best interest of E.F. This challenge is meritless. The argument is based on inadmissible hearsay and conjecture. Besides arguing its case through hearsay and facts not agreed upon or admitted into evidence, Defendant is unable to point to any real conflict of interest between E.F. and his mother. Defendant's perceives a conflict because of the apparent breakdown of settlement discussion; however, as previously stated, the breakdown in settlement discussions can be attributed to Attorney Donnelly and not E.F.'s mother.

Attorney Donnelly agreed to delay discovery and enter into settlement discussion without receiving the consent of E.F.'s mother. Attorney Donnelly took it upon himself to demand fifteen thousand dollars ($15,000.00) and the firing of the flight attendant without discussion the matter with E.F.'s mother or E.F.'s treating physician. Upon learning of the low demand, and lower offer, E.F.'s mother terminated Attorney Donnelly, and hired Stopa & Associates, LLC to represent E.F. Defendant's counsel had been made aware of the breakdown of attorney client relationship between Attorney Donnelly and E.F.'s mother prior to filing its motion to appoint a guardian.

III.   CONCLUSION

Although the court has discretion to appoint a guardian when it feels that the best interests of a minor plaintiff are not being represented; it does not have the ability to appoint a guardian for the purpose of bullying a plaintiff into settlement.  If defendant believes that based on the facts of the case there is no likelihood of success on the merits for Plaintiff its judicial recourse would be to file a motion for summary judgment.  However, filing a motion to appoint a guardian based on hearsay evidence and E.F's mother's decision to fire prior counsel is an inappropriate abuse of the Court's judicial discretion.

WHEREFORE, Defendant is unable to demonstrate a real conflict of interest between E.F. and his mother, the Plaintiff respectfully asks this court to deny Defendant's motion to appoint a guardian on behalf of E.F.


Respectfully Submitted,
E.F. by next of friend G.F.
By his Attorney,

**/s Mark T. Stopa, Esq.**
Mark T. Stopa, BBO#560264
STOPA & ASSOCIATES, LLC
36 Mechanic St., Suite 208
Foxboro, MA 02035
508-543-0600


CERTIFICATE OF SERVICE

I, Mark T. Stopa, hereby certify that I have this day served a copy of the foregoing motion to strike on the defendant by filing a copy of the ECF system and mailing a copy of the same, postage prepaid.


June 28, 2006                                                   **/s Mark T. Stopa, Esq**.
                                                                         Mark T. Stopa

5

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Civil Action No.:05-11391-GAO

E. F., by next of friend and parent, GINA FIGARATTO,
    Plaintiffs,

V.

AMERICAN WEST AIRLINES, INC.
    Defendant.

AFFIDAVIT OF GINA FIGARATTO

I Gina Figaratto, hereby depose and state as follows:

1. I am the mother of the minor plaintiff E.F. in the above referenced matter.
2. On February 12, 2004 I placed my son, E.F, and Daughter, D.F., in the care and Custody of the America West Airlines.
3. E.F. and D.F. were flying from Boston to Phoenix on flight number 526 to meet their father, Scott Scartozzi.
4. We had purchased American West's unaccompanied minor service so that my children would be cared for while in flight.
5. When the children landed in Arizona they were met by Scott Scartozzi.
6. Scott Scartozzi was told by the American West Flight attendant that E.F. had gone to the bathroom in his pants, and had been "cleaned off" by a male passenger.
7. E.F. appeared distressed upon exiting the plane. Upon examination by his father, it was learned that E.F. was not wearing any underwear and was covered in fecal matter.
8. Since the flight on February 12, 2004 E.F. has experienced extensive posttraumatic stress.
9. E.F. has required bi-weekly therapy to deal with the stress.
10. E.F. has extensive anxiety when using public restrooms.

11. E.F. has demonstrated significant signs that he was physically and mentally abused while flying on flight 526 to Phoenix, Arizona.

12. E.F. constantly talks about the "mean man" on the flight.

13. E.F. refuses to fly without his father.

14. On or about February 2005 I hired the law firm of Donnelly & Valente to represent E.F. in the above referenced civil litigation.

15. On or about June 8, 2005 Attorney Donnelly filed a civil action against American West Airlines in Plymouth Superior Court.

16. The litigation was removed to federal court on the Defendant's request.

17. Throughout the litigation process I have been in constant contact with my attorney, E.F.'s father, and E.F.'s physicians.

18. In May 2006 I learned that Attorney Donnelly, without discussing this matter with me, presented a settlement demand of fifteen thousand dollars ($15,000.00) and the firing of the flight attendant to the Defendant.

19. I never agreed to settle this matter for fifteen thousand dollars ($15,000.00).

20. I never discussed the firing of the flight attendant with Attorney Donnelly.

21. Upon learning that the above demand was presented to the defendant, without any authority from me, I fired Attorney Donnelly.

22. On or about June 2006 I hired Mark T. Stopa of Stopa & Associates, LLC to represent E.F. in the above litigation.

23. I understand that any monetary settlement E.F receives will be put in trust for him until he reaches the age of maturity.

24. I have absolutely no personal interest or motive in this litigation except protecting my son and representing his best interest.

Subscribed and sworn under the pains and penalties of perjury this 12th day of July, 2006.

*Gina Figaratto* (signed)
Gina Figaratto